LOTHROP *v.* CASALDÚC.

APELACIÓN procedente de la Corte de Distrito de Ponce.

No. 63.—Resuelto en marzo 5, 1907.

APELACIÓN—HIPOTECA—PROCEDIMIENTO PARA SU EJECUCIÓN.—Una resolución de la corte inferior en un procedimiento ejecutivo sumarísimo, ordenando se requiera al demandado para que en término de treinta días pague al demandante la suma reclamada, apercibido de sacarse á pública subasta los bienes hipotecados, si así no lo verifica, no es apelable para ante el Tribunal Supremo.

ID.—SUSPENSIÓN DEL PROCEDIMIENTO.—El procedimiento sumario para la ejecución de créditos hipotecarios no puede suspenderse, por medio de incidentes, ni de ningún otro modo á instancias del deudor, del tercer poseedor, ni de ningún otro interesado, salvo en los casos de excepción que establece el artículo 175 del Reglamento para la ejecución de la Ley Hipotecaria, debiendo ventilarse todas las reclamaciones á que se refiere dicho artículo en el juicio plenario que corresponda.

ID.—VIGENCIA DEL PROCEDIMIENTO.—El procedimiento sumario para el cobro de hipotecas está vigente en su primera parte ó sea hasta el momento en que se ordene la venta de los bienes hipotecados en pública subasta, debiendo ajustarse los trámites ulteriores al procedimiento que señala la ley de marzo 9, 1905, para la ejecución de las sentencias.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Casa'dúc.*

La parte apelada no compareció.

EL JUEZ PRESIDENTE SR. QUIÑONES emitió la opinión del tribunal.

En 9 de mayo de 1906 Doña Alicia Lothrop, por conducto de su abogado L. Yordán Dávila, promovió en la Corte de Distrito del Distrito Judicial de Ponce un juicio ejecutivo sumario por el procedimiento especial de la Ley Hipotecaria, contra Don Marcelino Torres Zayas y Don Felipe Casaldúc y Goicoechea en cobro de un crédito hipotecario por valor de $9,000 de que le eran deudores respectivamente el primero, ó sea Don Marcelino Torres por la suma de $4,000 y el segundo, ó sea Don Felipe Casaldúc por los $5,000 restantes, con más los intereses convenidos y las costas.

Presentada la demanda con la escritura y los demás documentos requeridos por el artículo 169 del Reglamento de la Ley Hipotecaria, dispuso la corte de distrito, por providencia de 31 del mismo mes de mayo, se requiriera á los demandados para que en el término de treinta días verificaran el pago de la cantidad reclamada con los intereses estipulados, apercibidos de procederse á la subasta de los bienes hipotecados, sino lo verificaran.

Contra esta resolución de la corte de distrito interpuso apelación el demandado Don Felipe Casaldúc y Goicoechea, y sustanciado en forma el recurso con las copias prevenidas y el alegato del apelante, se señaló día para la vista, la que se celebró sin la asistencia de las partes.

La resolución de 31 de mayo del año próximo pasado, por la que se ordenó requerir á los demandados para que en el término de 30 días verificaran el pago, apercibidos de sacarse á pública subasta los bienes hipotecados, sino lo verificaran entendemos que no era apelable como lo ha declarado ya esta Corte Suprema en resolución de 4 de diciembre de 1905 en el caso del *Banco Territorial y Agrícola de Puerto Rico* contra *Cintrón Hermanos* en liquidación, sobre cumplimiento de sen-

tencia, toda vez que con arreglo al artículo 175 del Reglamento de la Ley Hipotecaria, los procedimientos sumarios establecidos por el mismo para la ejecución de los créditos de aquella naturaleza no podrán suspenderse por medio de incidentes, ni de ningún otro modo, á instancia del deudor, del tercer poseedor, ni de ningún otro que se presente como interesado, salvo en los casos de excepción que taxativamente se determinan en el propio artículo, en ninguno de los cuales está comprendido el que nos ocupa y que todas las demás reclamaciones que puedan formular, así el deudor, como los terceros poseedores, y los demás interesados, inclusas las que versaren sobre nulidad del título ó de las actuaciones, ó sobre vencimiento, certeza, extinción ó cuantía de la deuda, se ventilarán en el juicio plenario que corresponda, sin producir nunca el efecto de suspender ni entorpecer el procedimiento ejecutivo y cuyo procedimiento, según también lo ha declarado ya esta misma corte en el caso de *Emilia Jiménez y Felicia Garriga y Brenes* contra *Julio Brenes y Aponte,* sobre cobro de pesos, ha quedado subsistente después de la publicación de la Ley de la Asamblea Legislativa de esta Isla de 9 de marzo de 1905, sobre "las sentencias y la manera de satisfacerlas," en su primera parte, ó sea hasta el momento en que por la falta de pago del deudor dentro de los 30 días que para verificarlo le concede el artículo 170 del Reglamento, ordene la corte se saquen á pública subasta los bienes hipotecados, pues de aquí en adelante la ejecución de esta providencia debe ajustarse á los trámites que señala la citada ley para la ejecución de las sentencias.

Por cuyo fundamento esta Corte es de parecer que debe desestimarse la apelación interpuesta por Don Felipe Casaldúc y Goicochea contra la resolución de la Corte de Distrito del Distrito Judicial de Ponce de 31 de mayo de 1906 con las costas al apelante.                    *Desestimada.*

Jueces concurrentes: Sres. Hernández, Figueras y Wolf.
Juez disidente: Sr. MacLeary.