MANRIQUE, RECURRENTE, *v.* EL REGISTRADOR DE GUAYAMA, RECURRIDO.

No. 590.—*Sometido:* Abril 30, 1924. *Resuelto:* Julio 12, 1924.

PROCEDIMIENTO EJECUTIVO—VENTA DE FINCA HIPOTECADA—REQUISITOS QUE DEBE CONTENER LA ESCRITURA DE VENTA JUDICIAL—DEFECTO SUBSANABLE.—Cuando no se transcriben en la escritura de venta judicial de la finca objeto del procedimiento ejecutivo la orden de ejecución y el acta de subasta y tampoco se acompañan a la escritura las copias certificadas de tales procedimientos, el registrador está justificado al inscribir con defecto subsanable.

ID.—ID.—Si la orden sobre requerimiento de pago al hipotecante no se inserta en la escritura de venta judicial o no se acompaña a ésta en copia certificada, no insertándose ni acompañándose tampoco la orden de ejecución de la cual pudiera deducirse que la ley se había cumplido en cuanto al requerimiento, el registrador está justificado en calificar la omisión como defecto insubsanable.

ID.—PROCEDIMIENTO PARA EJECUCIÓN DE SENTENCIAS.—La doctrina establecida en el caso de *Montes de Oca* v. *Báez*, 23 D. P. R. 707, no desautoriza la jurisprudencia anterior relacionada con el procedimiento para ejecución de sentencias dictadas en el procedimiento sumario hipotecario.

ID.—EDICTOS ANUNCIANDO LA SUBASTA DE LA FINCA HIPOTECADA—TÉRMINO DE PUBLICACIÓN DE LOS EDICTOS—DEFECTO SUBSANABLE.—La publicación en tres días consecutivos en vez de una vez por semana como dispone la ley de 1905 sobre sentencias y modo de satisfacerlas, de los edictos anunciando la subasta de la finca hipotecada, constituye un error que no vicia el contrato de nulidad y por tanto a los efectos de la inscripción tal irregularidad sólo constituye defecto subsanable.

NOTA de *R. B. Pérez Mercado,* R. (Guayama), denegando la inscripción de una escritura de venta judicial. *Confirmada en parte y en parte revocada.*

*A. L. López,* abogado del recurrente; el registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Presentada para su inscripción en el Registro de la Propiedad de Guayama la escritura pública número 24, de venta judicial, otorgada el 6 de febrero de 1924, el registrador se negó a inscribirla por los siguientes motivos:

No aparecer que el deudor fuera requerido de pago antes de ordenarse la venta de la finca hipotecada, y haberse publicado los edictos anunciando la subasta en días sucesivos y no una vez por semana durante veinte días como requiere la ley.

Consignó además el registrador en su nota como defectos subsanables el no transcribirse en la escritura o acompañarse a ella copias certificadas de la orden de ejecución, orden de requerimiento, edictos y prueba de su publicación y acta de la subasta celebrada por el márshal.

Para un más claro entendimiento de las cuestiones envueltas, diremos que de la escritura aparece que ante notario público comparecieron Luis Texidor y Cipriano Manrique, el primero en su carácter de márshal de la Corte de Distrito de Guayama, y expusieron que don Manuel Delgado y su esposa doña Martina Torres suscribieron un pagaré a favor de Manrique por $1,277.75. Se transcribe el documento en la escritura. Que para garantir su obligación, los esposos Delgado hipotecaron una finca urbana que se describe. Se expresa en la escritura que la hipoteca está inscrita, con los detalles necesarios. Que no satisfecha la deuda a su vencimiento, Manrique inició un procedimiento ejecutivo sumario para su cobro en la Corte de Distrito de Guayama, ordenando dicha corte que el deudor fuera requerido de pago y librando el Secretario el oportuno mandamiento; que ha-

biendo transcurrido con exceso el plazo concedido al deudor para pagar y no habiéndolo hecho, la corte ordenó la venta de la finca hipotecada en pública subasta; que en cumplimiento de dicha orden se publicaron los edictos en los sitios de costumbre y en el diario *El Tiempo* en sus ediciones del 15, 16 y 17 de enero de 1924, y se celebró la subasta adjudicándose la finca a Manrique, único postor, por la suma de $800 en pago parcial del montante de la deuda. Para la consignación de los anteriores hechos en la escritura, la única información que tuvo el notario fué el dicho de las partes.

Basándose en todo lo expuesto el márshal por ministerio de la ley y a nombre del deudor, vendió a Manrique la finca subastada por la indicada suma de $800 en pago parcial de la hipoteca a que estaba afecta, y Manrique aceptó, consignándose que entraba en posesión de la finca sin más acto que el otorgamiento de la escritura.

Tal es, en resumen, el documento que motivó la nota del registrador.

Comenzaremos nuestro estudio por los defectos subsanables.

En el caso de *Orcasitas* v. *El Registrador,* 21 D.P.R. 553, 555, esta Corte Suprema por medio de su Juez Asociado Sr. Wolf, se expresó así:

"Señaló el registrador como segundo defecto, que la escritura que fué presentada para inscripción no contenía la orden de ejecución ni el acta de la subasta. El registrador llama la atención de este tribunal en su contestación hacia el hecho de no constar en la escritura estos dos documentos y alega que faltaba el requerimiento de pago. El recurrente alega que todo esto consta de modo suficiente de las manifestaciones que hace el notario en la escritura, si bien resulta, al parecer, que la venta que se hizo al recurrente fué de acuerdo con el procedimiento sumario de la ley hipotecaria y por tanto somos del parecer del registrador al expresar que es de su incumbencia el observar si se cumple con el referido procedimiento sumario y no del notario. No es bastante con que el notario haga referencia al procedimiento habido ante una corte de distrito, sino

que deben presentarse copias de aquellos procedimientos que sean necesarios al registrador para que pueda tener la oportunidad de saber si se ha cumplido con la ley, o deben transcribirse en la escritura, tomándolos de sus originales o de copias debidamente expedidas y certificadas. De ninguna otra manera podrá quedar protegido el derecho de un comprador subsiguiente. Los documentos originales o copias de los mismos, como alega el registrador, eran de absoluta necesidad en este caso puesto que el procedimiento hipotecario fué seguido contra el deudor José Jiménez Sauri o su sucesión y la cuestión relativa a si el requerimiento de pago se hizo a la debida persona era una, acerca de la cual, podía propiamente investigar el registrador. No existe en las ventas judiciales la presunción de que todo se haya hecho en forma adecuada por el márshal sino que incumbe al que compra probar al registrador mediante documentos auténticos que se ha observado la ley.''

Lo resuelto es enteramente aplicable en cuanto a la orden de ejecución y al acta de subasta. Si en la orden de ejecución el juez se refiere a y aprecia lo ocurrido en relación con la publicación de los edictos y el requerimiento y consta de dicha orden que la ley fué cumplida, no sería necesario que en la escritura se insertaran o se acompañaran a ella copias de dichos documentos, pero como nada consta, creemos que el criterio adoptado por el registrador debe sostenerse.

Examinemos ahora los defectos calificados como insubsanables.

En cuanto al acto mismo del requerimiento, nada se consigna de modo expreso en la escritura ni siquiera por referencia de las partes. Se dice que el Juez lo ordenó y que el secretario libró el mandamiento, pero no que se diligenciara y cómo y en quién. Quizá fué una simple omisión. Seguramente se practicó, porque no se concibe que el procedimiento hubiera seguido adelante de otro modo, pero para que la venta sea válida, debe constar el requerimiento de modo evidente. Tal vez se trate de un defecto que pueda fácilmente subsanarse, pero es de tal importancia que hizo bien el registrador al calificarlo de insubsanable, porque de

otro modo se hubiera visto obligado, aunque consignando el defecto, a inscribir un contrato que pudiera ser completamente nulo, inexistente.

Resta sólo considerar la cuestión relativa a la publicación de los edictos. Sostiene el registrador que la ley aplicable es el nuevo Código de Enjuiciamiento Civil. Alega el apelante que el caso se regula por el artículo 172 del Reglamento Hipotecario.

Desde 1906, en el caso de *Giménez et al.* v. *Brenes,* 10 D.P.R. 128, esta corte, por medio de su Juez Asociado Sr. Figueras, estableció la siguiente jurisprudencia:

"El procedimiento especial para el cobro de créditos hipotecarios está vigente en su parte inicial, o sea, hasta el requerimiento inclusive, al deudor para el pago de la deuda, pero está derogado en la parte que podría llamarse *vía de apremio,* es decir, en lo que se refiere a la venta de la propiedad gravada, que debe sujetarse en un todo a la Ley de marzo 9, 1905, sobre el modo de satisfacer las sentencias."

Véanse además los casos de *Lothrop* v. *Casalduc,* 12 D. P.R. 142; *Bolívar* v. *El Registrador de la Propiedad,* 13 D.P.R. 119, y *Porto Rico Leaf Tobacco Co.* v. *Aldrey, Juez de Distrito,* 13 D.P.R. 234, citados por el mismo recurrente.

El caso de *Montes de Oca* v. *Báez et al.,* 23 D.P.R. 707 en que tanto insiste el recurrente, presenta una situación especial sobre la cual nada disponía la ley de 1905 y para solucionarla se aplicó lo estatuído en la ley y reglamento hipotecarios, pero ello no implica que la corte reconsiderara su anterior jurisprudencia en relación con el procedimiento que debía seguirse para vender los bienes hipotecados.

Los edictos debieron, pues, publicarse una vez por semana y no en tres días consecutivos como en efecto se publicaron, infringiéndose de tal modo la sección 6 de la ley relativa a sentencias y la manera de satisfacerlas de 9 de marzo de 1905, el artículo 251 del Código de Enjuiciamiento Civil, que así expresamente lo dispone, y la constante jurisprudencia de esta corte.

Ahora bien, ¿qué efecto produce la falta de cumplimiento estricto de la ley?

Ni el recurrente ni el registrador han citado caso alguno directamente aplicable.

Ultimamente, el 27 de junio de 1924, en el caso de *Trueba v. Martínez,* (pág. 461) esta corte, por medio de su Juez Asociado Sr. Franco, dijo:

"La infracción a que aluden los apelantes del artículo 251 del Código de Enjuiciamiento Civil, en cuanto al anuncio de la subasta, es una mera irregularidad que no afecta al comprador de buena fe, y no puede considerarse en una acción colateral, como ocurre en este caso, para anular la subasta que originó la venta y adjudicación de la finca hipotecada. Henna v. Saurí y Subirá, 22 D.P.R. 836, y Solá v. Castro, 32 D.P.R. 804."

Y en el caso de *Cintrón et al.* v. *Banco Territorial y Agrícola,* 15 D.P.R. 508, por medio de su Juez Presidente Sr. Hernández, expresó:

"La falta de publicación de los edictos en tiempo oportuno y su publicación en números consecutivos del periódico en vez de hacerlo una vez por semana, son irregularidades que no pueden alegarse por primera vez en apelación sino que deben alegarse previamente en el tribunal inferior y deben justificarse por medio de pruebas consignadas en la exposición del caso."

Tratándose, como se trata, de un recurso gubernativo, no creemos que debamos insistir en un estudio más amplio de la cuestión y en una resolución definitiva de la misma. Hasta ahora nuestras decisiones se han inclinado a considerar una falta de cumplimiento estricto como un error que no hace inexistente el contrato. Siendo ello así, no debió haberse negado la inscripción por tal motivo.

En tal virtud procede la *confirmación de la nota recurrida* sólo en cuanto al primero de sus fundamentos y defectos subsanables apuntados.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.