JOAQUÍN NAZARIO FIGUEROA, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE SAN GERMÁN, recurrido.

No. 669.—*Sometido:* Febrero 1, 1927. *Resuelto:* Mayo 18, 1927.

1. RECURSOS GUBERNATIVOS—NEGATIVA DE INSCRIPCIÓN—NOTIFICACIÓN—SUFICIENCIA DE LA MISMA.—La notificación que, a los efectos de la sección 1ª. de la Ley de 1902 sobre recursos contra las resoluciones de los registradores (Comp. 2180), se haga a la persona que presentó el documento en el registro equivale a una notificación a la persona interesada en la inscripción.

2. RECURSOS GUBERNATIVOS—REMISIÓN DE DOCUMENTOS AL SUPREMO—REMISIÓN PREMATURA.—La remisión al Supremo por el registrador de un documento cuya negativa de inscripción fué notificada a la persona que lo presentó, no es prematura porque no hiciera tal notificación directamente al interesado en la inscripción solicitada.

3. RECURSOS GUBERNATIVOS—NEGATIVA DE INSCRIPCIÓN—NEGATIVA PREMATURA.—Notificado el interesado en una inscripción de acuerdo con la Ley No. 20 de 1923 (p. 213), y denegada la inscripción del documento a que se refería dicha notificación transcurrido el término mencionado en dicha ley para denegar, no cabe sostenerse que tal negativa fué prematura.

4. RECURSOS GUBERNATIVOS—REVISIÓN—CUESTIONES A CONSIDERAR Y RESOLVER—DOCUMENTOS A CONSIDERAR—DOCUMENTOS PRESENTADOS DENEGADA YA INSCRIPCIÓN.—El Supremo prescindirá de certificaciones que, para impugnar uno de los fundamentos en que se base la nota recurrida, se hayan presentado al registrador después de negada la inscripción del documento solicitada.

5. HIPOTECAS—EJECUCIÓN DE HIPOTECAS — VENTA — ANUNCIO DE SUBASTA—POR EDICTOS—EXPRESIÓN DE LOS ACREEDORES POSTERIORES—OBJETO.—El objeto de las disposiciones contenidas en los párrafos 1º. y 2º. del artículo 172 del Reglamento hipotecario es el que los acreedores posteriores no puedan quejarse de sufrir agravio por la aplicación del artículo 125 de la ley relativo a la cancelación de los créditos posteriores al ejecutado cuando el precio de la venta o adjudicación no supere al crédito hipotecario que se realice.

6. HIPOTECAS—EJECUCIÓN DE HIPOTECAS—VENTA—TRASPASO AL COMPRADOR O AL ADJUDICATARIO—INSCRIPCIÓN DE LA ESCRITURA DE VENTA O TÍTULO DE ADJUDICACIÓN—EXISTIENDO CRÉDITOS POSTERIORES INSCRITOS O ANOTADOS—DE-

ᴍOSTRACIÓN NECESARIA.—Para inscribir un título de compra obtenido en su-
basta en procedimiento ejecutivo hipotecario cuando existen créditos inscri-
tos o anotados posteriores al ejecutado, tiene que aparecer del título, o
demostrarse al registrador, que se cumplió con el párrafo 2 y último, respec-
tivamente, de los artículos 172 y 171 del Reglamento Hipotecario.

7. HIPOTECAS—EJECUCIÓN DE HIPOTECAS—VENTA—ANUNCIO DE SUBASTA—PUBLI-
CACIÓN EN PERIÓDICO DE DISTRITO EN QUE LA PROPIEDAD RADICA—EFECTO.—
Cuando copia del aviso de la venta en subasta de una finca hipotecada objeto
de ejecución se publica en un periódico del distrito en que aquélla radica, no
es necesario que se anuncie tal venta en el término municipal donde dicha
finca radica.

8. INSCRIPCIÓN—INSCRIPCIÓN DE TÍTULOS—NEGATIVA DE INSCRIPCIÓN—MOTIVOS
INSUFICIENTES PARA DENEGAR — SELLOS ENTREGADOS NO SUFICIENTES DE
ACUERDO CON EL ARANCEL.—Cuando no se entregan al registrador sellos sufi-
cientes de acuerdo con el arancel de los registros de la propiedad, aquél
debe no hacer operación alguna en el registro y no denegar la inscripción
solicitada.

NOTA de *Luis Capó Matrés,* R. (San Germán), denegando inscrip-
ción de un documento de venta judicial. *Confirmada* la primera
y *revocada,* la segunda.

*Nazario & García Méndez,* abogados del recurrente; *El Registrador*
recurrido no compareció.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tri-
bunal.

Disponen las secciones 1ª y 2ª de la ley de 1902 sobre re-
cursos contra las resoluciones de los registradores de la pro-
piedad (Comp. 1911, 2180 y 2181) que cuando los regis-
tradores denieguen o suspendan alguna inscripción, ano-
tación o cancelación expondrán al pie del documento los mo-
tivos legales de su negativa y de ella notificarán al intere-
sado, quien firmará la notificación; y que si éste, dentro del
segundo día no recogiere el documento, el registrador lo en-
viará por el correo más próximo al Tribunal Supremo para
que decida si aprueba o revoca la negativa del registrador.

En el caso presente el registrador denegó la inscripción
de un documento de venta y notificó su negativa a la per-
sona que presentó el documento en el registro, enviándolo
después a este Tribunal Supremo por no haber sido recogido
el documento, y alega ahora el interesado en la inscripción
que esa remisión por el registrador fué prematura de acuerdo

con la sección 2ª citada porque la persona interesada en la inscripción no fué notificada de la negativa de inscripción y cita el caso de *Monserrate* v. *El Registrador,* 31 D.P.R. 640.

[1, 2] Dispone el artículo 6 de la Ley Hipotecaria según quedó enmendado en 1923 que la inscripción de los títulos en el registro podrá solicitarse por cualquier mandatario verbal de los interesados en el título; y el artículo 53 de su Reglamento que se entiende por representante legítimo del interesado en una inscripción su mandatario, aunque el mandato sea verbal o tácito, teniéndose por mandatario para los efectos de presentar documentos en el registro y solicitar la inscripción, cualquiera persona a quien el interesado confiara ese encargo, por lo que en vista de esos preceptos legales hay que llegar a la conclusión de que la persona interesada en la inscripción fué notificada de la negativa de inscripción porque la notificación fué hecha a la persona que presentó el documento en el registro para su inscripción y, por tanto, que no fué prematura la remisión que nos hizo el registrador. El caso de *Monserrate* v. *El Registrador, supra,* no tiene aplicación al presente porque en él no fué notificada persona alguna de la negativa del registrador.

[3] También alega el interesado en la inscripción del documento que la negativa del registrador fué además prematura porque de acuerdo con la Ley No. 20 de 7 de julio de 1923 el registrador no debe negar la inscripción de un documento hasta que hayan pasado por lo menos cinco días desde que hizo saber al interesado los defectos de que adolecía el título por si quería recogerlo y subsanar sus faltas.

La ley a que se hace referencia enmienda el artículo 19 de la Ley Hipotecaria y dispone que cuando el registrador notare alguna falta referente a la legalidad de las escrituras que se le presenten o de capacidad de los otorgantes lo comunicará por escrito al presentante o al notario que hubiere autorizado el documento para que lo recojan y subsanen la falta en el término que duren los efectos del asiento de presentación o cuando menos dentro de los cinco días después

de hecha la notificación, pudiendo el notario o el presentante dejar de recoger el documento cuando para subsanar la falta sólo fuere necesario acompañar otro o los antecedentes correspondientes; que de no subsanarse la falta en el término indicado, el registrador denegará la inscripción si se tratare de defecto insubsanable o hará constar el defecto si fuere subsanable; y que la notificación al presentante del documento o al notario se hará constar al margen del asiento de presentación.

No acredita el recurrente la fecha en que fué hecha esa notificación aunque en su alegato dice que lo fué el 26 de diciembre, pero como del registro consta que la notificación fué hecha al presentante del documento el día 24 de diciembre y como la negativa de inscripción no fué practicada hasta el 31 del mismo mes, resulta que habían transcurrido los cinco días mencionados por la ley por lo que no fué prematura tal negativa.

Resueltas esas cuestiones veamos los motivos fundamentales de este recurso.

[4] Al registrador se le presentó para inscripción la escritura de venta judicial que el 9 de agosto de 1926 otorgó el márshal de la corte del distrito judicial de Mayagüez a favor del recurrente a quien fué adjudicada cierta finca en ella descrita como consecuencia de un juicio ejecutivo hipotecario seguido contra Don Augusto Quiñones Anglada y su esposa en el cual dispuso la corte que el requerimiento de pago que se hiciera a·los demandados se notificase a Don Salvador Guardiola por aparecer mencionado en la certificación del registrador, a los efectos del artículo 171 del Reglamento para la ejecución de la Ley Hipotecaria. También resulta de la escritura que para la subasta de la finca hipotecada se publicaron edictos en el periódico "El Diario del Oeste" que se edita en Mayagüez, P. R., en los números correspondientes a los días 14, 21 y 28 de julio de 1926, siendo el día 4 de agosto de 1926 el señalado para la subasta.

El registrador negó la inscripción de ese documento haciendo constar sus motivos en una extensa nota que puede resumirse así: 1º, porque no aparece de la escritura que el márshal cumpliera la orden de la corte de notificar a Don Salvador Guardiola el requerimiento de pago al deudor por lo que resulta ineficaz el procedimiento para la subasta por cuanto no se le ha dado oportunidad al acreedor hipotecario Sr. Guardiola de concurrir a la subasta; 2º, porque tampoco aparece de la escritura la forma en que se publicaron los edictos anunciando la subasta para poder llegar al conocimiento de si el Sr. Guardiola fué informado de la venta por los edictos, en caso de que no se le hubiera notificado personalmente el auto requiriendo de pago al deudor; 3º, porque no consta de la escritura que el márshal fijare edictos de los bienes que iba a subastar en algún sitio de la ciudad de San Germán, que es el término municipal donde radican los bienes, según dispone el artículo 172 de dicho reglamento; todo lo que a entender del registrador demuestra que no ha habido el debido procedimiento de ley para la venta.

Después de esa nota y con la misma fecha el registrador consigna otra negativa de inscripción porque siendo los derechos de inscripción del documento $9.50 según el arancel y el Código Político y no habiendo entregado el presentante del documento sino $6, se ha negado a entregar los $3.50 restantes a pesar de haber sido requerido para que los entregase.

Contra la negativa de inscripción se interpuso este recurso gubernativo en el que sólo tenemos alegato del recurrente en lo referente a la primera nota.

[5] También envió el registrador a este tribunal un documento librado por el Secretario de la Corte de Distrito de Mayagüez en el que certifica que en el mencionado juicio ejecutivo existe una diligencia del márshal de haber notificado el requerimiento de pago al Sr. Guardiola a los efectos del art. 171 del Reglamento de la Ley Hipotecaria,

pero prescindiremos de tal certificación porque fué presentada al registrador después de negada la inscripción del documento de venta.

[6] Dispone el último párrafo del artículo 171 del Reglamento para la ejecución de la ley hipotecaria que cuando en las certificaciones del registro de la propiedad (que han de presentarse al iniciarse el procedimiento ejecutivo hipotecario) consten los domicilios de las personas interesadas en las responsabilidades que se hubieren inscrito después del derecho del actor, el juez mandará, a la vez que el requerimiento de pago, que se intente la notificación del auto a dichas personas interesadas ·en aquellos domicilios, si en ellos fueren habidos: y el párrafo 2º del artículo 172 del mismo Reglamento establece que en los edictos señalando día, hora y sitio para el remate se hará saber la subasta a los acreedores que tengan inscritos o anotados sus derechos sobre los bienes con posterioridad al del ejecutante, y con los cuales no hubiere tenido efecto la notificación que prescribe el párrafo final del artículo 171, debiendo expresarse al efecto los nombres de esos interesados, según resulte de la certificación del registro, para que puedan concurrir a la subasta si les conviniere. El objeto de tales disposiciones es, según dijimos en el caso de *Montes de Oca* v. *Báez,* 23 D.P.R. 707, que no puedan quejarse los acreedores· posteriores de sufrir agravio por la aplicación del artículo 125 de la Ley Hipotecaria, enmendado por la Ley No. 31 de 1912, que ordena la cancelación de los créditos posteriores al ejecutado cuando el precio de la venta o de la adjudicación no iguale o no supere al crédito hipotecario que se realice. Por consiguiente, para que pueda ser inscrito un título de compra obtenido en subasta en un procedimiento ejecutivo hipotecario tiene que aparecer del título o demostrarse al registrador, cuando existen créditos inscritos o anotados posteriores al ejecutado, que se ha cumplido con los artículos antes citados referentes a la notificación personal o en los edictos de la subasta a los acree-

dores posteriores con título inscrito; y como en el caso presente no consta ni la notificación personal al Sr. Guardiola ni que se le hiciera en los edictos de la subasta, el registrador procedió correctamente al negarse a inscribir el título que motiva este recurso.

[7] En cuanto al tercer motivo no es procedente porque rigiéndose la venta de la propiedad gravada en los juicios ejecutivos hipotecarios por la ley de 1905 relativa a las sentencias y manera de satisfacerlas, según ha sido declarado por este tribunal en varios casos (*Manrique* v. *Registrador*, 33 D.P.R. 548), dispone esa ley en su sección sexta que la propiedad inmueble embargada en virtud de cualquier orden de ejecución será vendida en pública subasta en la forma dispuesta por la ley para la venta de propiedad mueble sujeta a ejecución; y el artículo 251, No. 2, del Código de Enjuiciamiento Civil que cuando se trate de venta de propiedad personal se fijará el aviso de la venta en tres sitios públicos del distrito o ciudad en que se hallaren los bienes, o se publicará copia de dicho aviso en algún periódico del distrito, por lo que pudiendo anunciarse la subasta en cualquiera de esas dos formas y habiéndose hecho por medio de un periódico del distrito no era necesario justificar que también se anunció la venta en el término municipal donde radicaban los bienes.

[8] La segunda nota del registrador negando la inscripción por no haber sido entregados sellos suficientes de acuerdo con el arancel para los registros de la propiedad es improcedente, porque exigiéndose tales sellos para hacer operaciones en el registro es claro que si no se entregan no debió hacerse ninguna en el registro, y no debió negarse la inscripción por ese motivo. No habiéndose entregado sellos suficientes no procedía negar tampoco la inscripción por los otros motivos de la primera nota, pero como el registrador de hecho negó la inscripción hemos creído conveniente considerar los méritos de dicha negativa.

La segunda nota recurrida debe ser *revocada* y en cuanto

a la primera *se confirma la negativa de inscripción* por el motivo dicho.