Luis Alberto Mestres, demandante y apelante, *v.* Ramón Díaz Román, demandado y apelado.

Núm. 6862.—*Sometido:* Febrero 14, 1936. *Resuelto:* Julio 14, 1936.

*Eduardo Pérez Casalduc,* abogado del apelante; *Antonio Suliveres Rivera,* abogado del apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En procedimiento ejecutivo sumario el acreedor adquirió en la subasta pública la finca hipotecada. El deudor entonces instó el presente recurso de nulidad por haberse dejado de publicar el edicto de la subasta prescrito por el estatuto. El edicto se había publicado en un periódico dentro del distrito, una vez por semana, por un período más corto que el exigido por la ley. Dos copias del mismo habían sido fijadas en dos sitios públicos en la municipalidad en que la finca estaba ubicada y una en la población en que habría de venderse. La corte de distrito admitió que la fijación de estos avisos en

sitios públicos y la publicación de los mismos en un periódico era insuficiente, más resolvió que el efecto combinado de estas dos tentativas infructuosas de cumplir con los requisitos alternativos estatutarios era suficiente para cumplir con dichos requisitos. No podemos estar de acuerdo con este criterio. El apelado admite que el juez de distrito estuvo equivocado, pero insiste en que el resultado fué correcto, toda vez que la fijación en un sitio público del aviso en la municipalidad en que la finca iba a venderse y la fijación de otros dos avisos en el pueblo en que la propiedad estaba situada era suficiente aviso.

■ La sección 6 de la "Ley relativa a las sentencias y la manera de satisfacerlas", aprobada el 9 de marzo de 1905 (Código de Enjuiciamiento Civil, edición de 1933, pág. 122), lee así:

"La propiedad inmueble embargada en virtud de cualquier orden de ejecución será vend'da en pública subasta en la forma dispuesta por la ley para venta de propiedad personal sujeta a ejecución."

El inciso 1 del artículo 251 del Código de Enjuiciamiento Civil dispone que "si los bienes fueren susceptibles de deterioro se fijarán avisos escritos, anunciando la fecha y lugar de la venta, en tres sitios públicos del distrito o de la ciudad en que ha de celebrarse, por un tiempo razonable, habida consideración del carácter y naturaleza de los bienes." El método provisto por el inciso 2 para otros bienes muebles en la versión inglesa lee: "....by posting a similar notice particularly describing the property, for twenty days, in three public places of the precinct or city where the property is situated, and also where the property is to be sold, or publishing a copy thereof once a week for the same period, in some newspaper published in the district, if there be one." Las palabras "by posting a similar notice particularly describing the property, for twenty days, in three public places of the precinct or city where the property is situated, and also, where the property is to be sold", aparecen en la versión

española así: "se fijará por espacio de veinte días, en tres sitios públicos del distrito o ciudad en que se hallaren los bienes, el aviso, describiéndose en él aquéllos detalladamente con expresión del lugar en que haya de celebrarse la venta."

Nuestro Código de Enjuiciamiento Civil ha sido tomado de Idaho, y el artículo 251 es una adaptación de la sección 4482 de los Códigos Revisados de Idaho (edición de 1908). El texto inglés debe prevalecer. *Ríos* v. *Ríos,* 15 D.P.R. 372; *Manrique de Lara* v. *Registrador,* 23 D.P.R. 864; Leyes de Puerto Rico de 1917, tomo 2, pág. 210 (Ley núm. 8).

El apelante se funda principalmente en el caso de *Lawton* v. *Porto Rico Fruit Exchange,* 42 D.P.R. 291, para sostener su contención de que la palabra "precinct", que figura en el inciso segundo del artículo 251, traducida como "distrito" en la versión española, significa el distrito judicial más amplio que marca la jurisdicción territorial de una corte de distrito. El caso de Lawton no es autoridad para tal contención. Allí este tribunal asumió, sin resolverlo definitivamente, que bastaba fijar en sitios públicos avisos en el distrito judicial municipal en que la finca estaba situada. Si la suficiencia de tal aviso hubiera sido impugnada fundándose en que sólo dos de los cinco avisos fijados en el distrito judicial municipal habían sido puestos en el municipio en que radicaba la finca, el resultado quizá pudo ser distinto. El caso no puede considerarse en el sentido de que resuelve definitivamente que cuando el municipio en que la finca está situada y el municipio en que la propiedad ha de ser vendida, están ambos dentro del distrito judicial municipal, la fijación de tres avisos en el municipio en que la propiedad ha de venderse, y de solamente dos avisos en el pueblo en que la finca radica, cumple con el requisito estatutario. Mucho menos puede decirse que el caso justifique la conclusión de que los requisitos estatutarios son cumplidos al fijarse dos avisos dentro del distrito judicial municipal en que la finca está situada, y otro aviso en la puerta del edificio de la corte de distrito en el municipio en que la finca ha de venderse, cuando

tal municipio no está dentro del distrito judicial municipal en que la finca radica.

■ La palabra "precinct" que figura en el Código de Idaho parece haberse sustituído por la palabra "township" en la sección 692 del Código de California. Es una pena que la legislatura insular no suprimiera la palabra "precinct" del Código de Idaho o no sustituyera por ella una palabra más específica. En Puerto Rico la palabra "precinto" al no interpretarse literalmente en el sentido de que significa un "precinto electoral" que es nuestro único precinto *eo nomine*, debe entenderse que significa a lo sumo un "municipio." No puede ampliarse para que incluya los distritos judiciales mayores.

En *Sargent* v. *Shumaker*, 193 Cal. 122, 125, la Corte Suprema de California dijo (bastardillas nuestras):

"El estatuto exigía (Código Civil, sección 2924) y la escritura de fideicomiso proveía, que debía fijarse un aviso de la venta en perspectiva 'en la forma y por un período no menor que el exigido por la ley para ventas en ejecución de bienes inmuebles.' Así, pues, se nos refiere al artículo 692 del Código de Enjuiciamiento Civil, que prescribe la forma en que se publicarán los avisos de subasta. Como dicho artículo existía en la época que aquí nos concierne, el mismo proveía que el aviso se daría en la forma siguiente:

" '1.—Si los bienes fueren susceptibles de deterioro se fijarán avisos escritos, anunciando la fecha y lugar de la venta, en tres sitios públicos del pueblo o ciudad en que ha de celebrarse....

" '2.—Si se tratare de otra propiedad personal, se fijará un aviso similar en tres sitios públicos del pueblo o ciudad en que ha de celebrarse la venta, ...

" '3.—Si se tratare de bienes inmuebles se fijarán avisos similares, describiendo detalladamente la propiedad, por término de 20 días, en tres sitios públicos del pueblo o ciudad en que la propiedad esté situada, así como también en que haya de venderse la propiedad, y publicando copia del mismo....'

"Es obvio que las disposiciones del inciso tercero de dicho artículo deben haberse intentado que cubran y sean aplicables a dos situaciones distintas, una, cuando la propiedad está situada en el mismo pueblo o ciudad en que ha de venderse, y la otra cuando la propiedad está situada en un pueblo o ciudad y ha de venderse en

algún otro pueblo o ciudad. La contensión del querellado es que el artículo exige el mismo requisito relativo a la fijación de avisos en ambas situaciones, y que el mismo debe ser interpretado en el sentido de que exige en uno u otro caso la fijación de cuatro avisos, tres de los cuales deben ser fijados en tres sitios públicos dentro del pueblo o ciudad en que la finca está radicada, y el cuarto, en el lugar (queriendo decir con ello en el lugar específico) en que la finca ha de venderse. Los apelantes, por otra parte, sostienen que el artículo debe interpretarse cual si leyera del modo siguiente: '... fijando avisos ... por término de 20 días en tres sitios públicos del pueblo o ciudad en que la propiedad está situada, *y en tres sitios públicos del pueblo o ciudad* en que la misma ha de venderse', y que el efecto de dicho artículo, cuando la propiedad está situada en un pueblo o ciudad y ha de venderse en otro, es exigir la fijación de seis avisos en tres sitios públicos de cada uno de dichos pueblos o ciudades, y que el efecto de dicha sección cuando la propiedad ha de venderse en el mismo pueblo o ciudad, es exigir simplemente la fijación de tres avisos en tres sitios públicos dentro de tal pueblo o ciudad. El querellado replica que el adoptar semejante interpretación equivaldría a legislación judicial, puesto que ello necesita que se agreguen al artículo palabras que no fueron puestas en él por la Legislatura. Sin embargo, esta crítica es igualmente aplicable a la interpretación sustentada por el querellado. Es evidente que el contexto del inciso tercero aparece en forma condensada al comparársele con el de los incisos 1 y 2, cada uno de los cuales es completo en su faz. Ha de llegarse a la misma conclusión cuando se considera que el inciso 3 debe haberse intentado para que tenga aplicación a cada una de las dos situaciones distintas arriba enunciadas. Nuestro objetivo debe ser entonces determinar la intención legislativa y en esta tentativa podemos considerar no solamente el texto sino también el contexto, y todo esto a la luz del fin que inspiró las disposiciones que se hallan bajo nuestra consideración.

''Es regla elemental en la hermenéutica de estatutos que debe darse algún efecto a cada una de sus palabras, si ello es razonablemente posible, *y la palabra 'también' es de importancia evidente a este respecto. El significado primordial de la misma y el significado en que se le usa más corriente es 'de igual manera' o 'del mismo modo'.* (Véase 1 Words & Phrases, segunda serie, pág. 196; 1 Works & Phrases, pág. 359, y casos allí citados.) Se verá, pues, *que es una palabra de referencia que dirige nuestra atención a aquello que le precede. En la forma en que aquí se le usa tiene concordancia con la fijación de avisos, y las únicas especificaciones respecto a la forma*

*de publicar tales avisos que han de hallarse en el contexto que le antecede, y que podrían adoptarse haciendo tal referencia, son las palabras 'por término de 20 días' y 'en tres sitios públicos del pueblo o ciudad.' Parece, pues, razonable colegir que la palabra 'también' fué aquí usada como un sustituto breve para la repetición de las dos frases.* Esta conclusión aparece tanto más probable cuando se considera que las disposiciones de los incisos 1 y 2 arriba citados pueden ser consideradas en el sentido de que evidencian una determinación legislativa de que en lo atinente a la publicación de avisos, la fijación de ellos en tres sitios públicos dentro de un pueblo o ciudad es suficiente para notificar a los habitantes del mismo.''

Nuestra conclusión es que las palabras "and also where the property is to be sold", usadas en el inciso 2 del texto inglés del artículo 251, deben ser interpretadas como que significan "y en tres sitios públicos del precinto o ciudad en que haya de celebrarse la venta," y que la palabra "precinto" debe interpretarse como que significa "municipalidad".

*La sentencia apelada debe ser revocada y devolverse el caso para ulteriores procedimientos no inconsistentes con esta opinión.*

Los Jueces Asociados Señores Córdova Dávila y Travieso no intervinieron.