THE FEDERAL LAND BANK OF BALTIMORE, demandante y apelado, *v.* SOTERO LEÓN LEÓN, demandado y apelante.

Núm. 8170.—*Sometido:* Mayo 27, 1940. *Resuelto:* Mayo 28, 1940.

*M. Guzmán Texidor,* abogado del apelante; *Frank Martínez, Sebastián García, Antonio R. Barceló, E. Campos del Toro,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR DE JESÚS emitió la opinión del tribunal.

La cuestión que ahora pende ante nuestra consideración es una moción radicada por el demandante apelado solicitando que se desestime el recurso que contra la sentencia que decretó el desahucio del demandado apelante, dictó la Corte de Distrito de Guayama en 18 de enero de 1940. La moción está basada exclusivamente en las alegaciones y en una certificación expedida por el secretario de la corte sentenciadora,

en la que acredita la forma y sitio en que se publicaron ciertos edictos de subasta.

En la demanda de desahucio motivo de este recurso, se alega por el demandante que es dueño de cuatro fincas rústicas que describe; que el 17 de febrero de 1936 las vendió al demandado por precio de $21,000 pagadero en distintos plazos y bajo la condición de que si el comprador o sus herederos o cesionarios dejaban de cumplir las condiciones del contrato de compraventa, el vendedor tendría derecho a declarar vencido e inmediatamente exigible todo el balance del precio de compra no pagado y de proceder a obligar al demandado al cumplimiento específico de dicho contrato, o a cancelarlo o rescindirlo reteniendo todos los pagos que se efectuaren, como daños y perjuicios liquidados y en resarcimiento además de las costas y gastos incurridos por el vendedor, con la condición adicional de que si el demandante vendedor optaba por rescindir el contrato, el comprador se comprometía a entregar la posesión de las fincas al ser requerido por el demandante, renunciando a todo derecho de título y posesión a la propiedad; que el demandado Sotero León quebrantó el referido contrato de compraventa, dejando de satisfacer ciertos plazos que se especifican en la demanda, con motivo de lo cual el demandante declaró rescindido el contrato, notificando de ello al comprador para que le entregara la posesión material de las fincas vendidas, a lo cual accedió el demandado, entregándolas al demandante; que con posterioridad a la entrega de las fincas al demandante, el demandado trató de comprar al demandante una parcela de veinte cuerdas comprendida en dichas fincas, transacción que no pudo celebrarse; que después de haber fracasado el demandado en sus gestiones de compra de la referida parcela, se introdujo en las fincas del demandante, cortando maderas para su beneficio particular, nombrando dos mayordomos, quienes viven en dichas fincas actuando a nombre del demandado, y finalmente destruyó una casa ubicada en las fincas en cuestión, tomó ganado al cuido en ellas, y está

arando parte de las mismas para cultivarlas; que el deman-
dante ha requerido al demandado para que desaloje dichas
fincas y las deje a su libre disposición, a lo cual se ha negado
y se niega aquél, continuando disfrutándolas y ocupándolas
sin derecho o título alguno, detentándolas y poseyéndolas en
precario sin pagar canon o merced al demandante y contra
la voluntad expresa de éste.

Termina la demanda con la súplica de que se decrete el
desahucio del demandado, sus familiares, inquilinos, etc., con
imposición de costas, gastos y honorarios de abogado.

La reseñada demanda, que aparece debidamente jurada,
fué contestada por el demandado aceptando sustancialmente
todas sus alegaciones, pero alegando como materia de defensa
que el demandante no es dueño de las fincas descritas en la
demanda por pertenecer las mismas a Francisco Alberto
Malavé Llera y otras personas que nombra, alegando el
demandado que ello es así porque el procedimiento ejecutivo
hipotecario a virtud del cual adquirió el demandante dichas
fincas que antes pertenecían a Francisco Alberto Malavé
Llera y las demás personas a que se refiere la contestación,
es nulo por no haberse publicado los edictos de subasta en
la forma que determina la ley.

Después de celebrada la primera comparecencia, el deman-
dado enmendó su contestación, alegando que ocupa dichas
fincas como condueño de las mismas por haber comprado los
derechos y acciones que en ellas pueda tener el condueño de
las mismas Francisco Alberto Malavé y Llera, alegando ade-
más que ocupa, usa y disfruta dichas fincas con el consen-
timiento expreso de los condueños Luis Antonio y Teófilo
Malavé, quienes las poseen y son dueños de las mismas, según
el demandado, en común proindiviso con los demás condueños.

Por las alegaciones de una y otra parte, las únicas cues-
tiones en controversia son las siguientes:

1. ¿Se publicaron legalmente o no los edictos de subasta
en el procedimiento ejecutivo a virtud del cual adquirió el

demandante título de propiedad sobre las fincas en controversia?

2. ¿Constituye una defensa válida a la acción de desahucio interpuesta por el demandante el hecho de haber comprado el demandado los derechos y acciones que según él posee sobre dichas fincas otra persona?

■ ■ La solución de la primera cuestión planteada surge clara y terminantemente de la certificación expedida por el Secretario de la Corte de Distrito de Guayama de fecha 29 de octubre de 1935, donde se transcriben los edictos y el diligenciamiento del márshal de dicha corte sobre su publicación. Dicha certificación acredita con el certificado de diligenciamiento del márshal, que el 29 de octubre de 1935 procedió a fijar y fijó cuatro edictos en distintos sitios públicos de costumbre de la ciudad y distrito de Guayama, a saber: uno en la tabla preparada al efecto en los pasillos de la corte de distrito; uno en la oficina del Telégrafo Insular de Cayey, P. R., término municipal donde radican las fincas; otro en la oficina de la Colecturía de Rentas Internas de Cayey, y otro en la casa del comisario del Barrio Matón Arriba, del mismo pueblo de Cayey, donde según resulta de la demanda radican tres de las fincas en controversia. Resulta además de dicha certificación que la subasta se celebró en noviembre 22, 1935, lo que prueba que los edictos fueron fijados por un término mayor de veinte días.

El artículo 6 de la Ley relativa a las Sentencias y a la manera de satisfacerlas, prescribe lo siguiente:

"Art. 6. La propiedad inmueble embargada en virtud de cualquier orden de ejecución será vendida en pública subasta en la forma dispuesta por la ley para la venta de propiedad personal sujeta a ejecución."

Y el artículo 251 del Código de Enjuiciamiento Civil, según fué enmendado por la Ley núm. 64 de 13 de mayo de 1934 (Leyes de ese año, pág. 453), prescribiendo el procedimiento a seguir para la venta de bienes muebles objeto de ejecución, dispone lo siguiente:

"Art. 251. Antes de verificarse la venta de los bienes objeto de la ejecución de la sentencia, deberá publicarse del modo siguiente:

"1. . . . . . . . .

"2. Si se tratare de otra propiedad personal, se fijará el aviso, por espacio de veinte días en tres sitios públicos del distrito o ciudad en que se hallaren los bienes, y además, en la escuela del barrio o en la casa del comisario del barrio de la residencia del demandado, cuando ésta fuera conocida, describiéndose en él aquéllos detalladamente con expresión del lugar en que haya de celebrarse la venta; o se publicará copia del dicho aviso, una vez por semana, durante el mismo período, en algún periódico del distrito, si lo hubiere, y si no en un periódico de los de más circulación en la Isla de Puerto Rico . . . ''

De acuerdo con el citado artículo, el aviso de subasta puede publicarse en dos formas distintas: fijándolo en los sitios a que se refiere la sección 2, o sea en tres sitios públicos del distrito o ciudad en que se hallaren los bienes y además en la escuela del barrio o en la casa del comisario del barrio de la residencia del demandado, cuando ésta fuere conocida, o publicándolo una vez por semana durante el término de veinte días en algún periódico del distrito, si lo hubiere, y si no en un periódico de los de más circulación en la Isla de Puerto Rico. El márshal optó por la primera forma y se ajustó a la ley. Por consiguiente, no puede sostenerse la contención del demandado de que no se publicaron edictos en el procedimiento ejecutivo hipotecario de donde derivó su título la parte demandante. *Nazario Figueroa* v. *Registrador*, 36 D.P.R. 773, 779; *Manrique* v. *Registrador*, 33 D.P.R. 544, 548; *Thyboe* v. *San Juan Fruit Co.*, 36 D.P.R. 892, 895; *Mestres* v. *Díaz Román*, 50 D.P.R. 370.

Pero asumiendo que hubiese existido alguna irregularidad en la publicación de los edictos, ella no invalidaría el procedimiento ejecutivo hipotecario. *Henna* v. *Saurí & Subirá*, 22 D.P.R. 836; *Solá* v. *Castro*, 32 D.P.R. 804; *Trueba* v. *Martínez*, 33 D.P.R. 461, 469; *Manrique* v. *Registrador*, 33 D.P.R. 544, 549.

■ En cuanto a la segunda cuestión, tampoco tiene razón el demandado, pues el hecho de que después de celebrada la primera comparecencia él comprara ciertos derechos y acciones que determinada persona pretendiera tener sobre la finca en cuestión, no crea el conflicto de títulos que impide la sentencia de desahucio, pues en manera alguna resulta que el título del demandante sea inexistente, no pudiendo, por consiguiente, ser atacado colateralmente dentro de la acción de desahucio. *Dávila* v. *Sotomayor,* 35 D.P.R. 794, 798.

No pudiendo las dos defensas alegadas por el demandado afectar la conclusión a que llegó la corte de distrito al decretar su desahucio de las fincas en cuestión, preciso es concluir que el recurso por él interpuesto es frívolo, y siéndolo, *procede desestimarlo y confirmar en todas sus partes la sentencia apelada.*