Porto Rico Leaf Tobacco Co. *v.* Aldrey, Juez de Distrito.

Solicitud para que se expida mandamiento de *Certiorari.*

No. 34.—Resuelto en noviembre 20, 1907.

Ejecución de Hipoteca—Venta de Bienes no Hipotecados.—La aplicación de la sección primera de la ley de marzo 9, 1905, referente á las sentencias y á la manera de satisfacerlas, en cuanto permite la venta de otros bienes del deudor para satisfacer la obligación, ó aquella parte de la misma que no haya sido pagada, debe limitarse á los casos en que haya habido una sentencia ordenando el pago de la deuda, después de un juicio ordinario, y no debe extenderse su aplicación al procedimiento sumario establecido por la Ley Hipotecaria.

Id.—No ha podido ser la intención de la Legislatura autorizar la venta de bienes del deudor, que no hubieran sido expresamente hipotecados, y en un procedimiento en que el deudor no haya sido oído, como ocurre en el procedimiento sumarísimo de la Ley Hipotecaria. Solamente aquella parte de la Ley de marzo 9, 1905, que autoriza la venta de los bienes por el marshal, es la que tiene aplicación á dicho procedimiento sumario.

Id.—Naturaleza de la Resolución Dictada en un Procedimiento Sumario—Sentencia Definitiva.—Aun cuando la acción de la corte en un procedimiento sumario, necesariamente resuelve los derechos de las partes por lo que á dicho procedimiento se refieran, sin embargo, la resolución dictada en el mismo no tiene el carácter de sentencia definitiva, por virtud de la cual pueda expedirse ejecución en términos generales.

Id.—La palabra decisión, usada en la Ley de marzo 9, 1905, tiene aplicación á la orden dictada en un procedimiento sumario, á la que no puede aplicarse el calificativo de sentencia, empleado en la misma ley, siendo la *orden de pago,* y no la de venta de los bienes, la que tiene el carácter de resolución definitiva à los efectos de dicho procedimiento.

Id.—Cuando la acción de la corte en un procedimiento sumario en ejecución de hipoteca, sea más amplia de lo que la ley permite, el mismo deudor puede impugnarla, utilizando para ello los recursos adecuados.

CERTIORARI—RECURSO ORDINARIO.—*Certiorari* es el recurso procedente para corregir procedimientos no autorizados por la ley, cuando no hay un recurso ordinario, ó cuando éste no es rápido, adecuado y eficaz para subsanar las faltas cometidas.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Díaz Navarro.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta es una solicitud para que se expida un auto de *certiorari* dirigido contra Pedro de Aldrey, juez de la Sección Primera de la Corte de Distrito de San Juan. La *Porto Rico Leaf Tobacco Co.* estableció el procedimiento sumario de la Ley Hipotecaria contra Amador Frías ante la Corte de Distrito de Guayama, pero como el juez de esa corte estaba interesado en el asunto, se trasladó el caso á la Corte de Distrito de San Juan.

El día 18 de mayo de 1907, la corte de distrito dictó su decisión ú orden requiriendo al deudor para que hiciera efectiva la cantidad adeudada, según la hipoteca. El deudor fué debidamente notificado, y más de treinta días después, ó sea el día 28 de septiembre de 1907, el peticionario pidió que se ordenara la venta de la finca, y si no se encontrase la finca hipotecada, ó si el producto de la venta fuese insuficiente para satisfacer la sentencia, que proceda entonces á recuperar el dinero sobre cualquier otra propiedad del demandado como en el caso de cualquier ejecución ordinaria. El juez dictó orden ó decisión á este efecto, disponiendo que fuera registrada como sentencia en la forma prescrita por la ley para la venta de bienes bajo ejecución. La orden de la corte de distrito es como sigue:

"Corte de Distrito del Distrito Judicial de San Juan, Puerto Rico.—Sección 1ª.—*Porto Rican Leaf Tobacco Co., demandante,* v. *Amador Frías y Silva, demandado.*—Acción hipotecaria en cobro de pesos. Orden. Por cuanto, á esta corte y sección fué presentada por el demandante su demanda contra el demandado Amador Frías y Silva, formulándola, de acuerdo con los preceptos de la Ley Hipotecaria;

"Por cuanto, examinada aquella demanda y sus documentos, la corte, por su orden de 18 de mayo de 1907, dispuso que el dicho demandado Amador Frías y Silva fuera requerido de pago para satisfacer siete mil doscientos pesos por principal adeudado de su hipoteca, los intereses devengados por esa suma hasta el día último de abril anterior, que montan á 3,976 dollars, y los que se devenguen hasta el definitivo pago de dicha responsabilidad, y las costas causadas y que se causen, incluyendo en ellas doscientos cincuenta pesos por todos los honorarios del abogado del demandante;

"Por cuanto, el día doce de julio del corriente año, fué requerido el deudor para pagar dichas responsabilidades y se le apercibió de procederse á la subasta de la finca hipotecada si no verificaba el pago dentro de los 30 días siguientes y que el acreedor recuperaría el importe total de las expresadas sumas, procediendo á la venta de la finca hipotecada;

"Por tanto, de conformidad con lo dispuesto en la Ley Hipotecaria vigente, y en la Ley de 9 de marzo de 1905, sobre sentencias y manera de satisfacerlas,

"*Decido y Ordeno:* Que el demandante en este caso recupere del demandado la cantidad de siete mil doscientos dollars, los intereses devengados por esa suma que montan, hasta el día último del pasado abril, á la suma de 3,976 dollars, los que se devenguen hasta el definitivo pago al tipo convenido, las costas de esta ejecución, y doscientos cincuenta dollars por honorarios de abogado, expidiéndose al efecto una orden al Marshal del Distrito en que la propiedad hipotecada radique para satisfacer esta decisión, que se anotará como sentencia, en la forma prescrita por la ley, para la venta de propiedad bajo ejecución; y si no se encontrase la finca hipotecada, ó si el resultado de su venta fuese insuficiente para satisfacer la totalidad de la sentencia, entonces el Marshal procederá á recuperar el resto del dinero ó remanente del importe de la sentencia sobre cualquiera otra propiedad del demandado, como en el caso de cualquiera otra ejecución ordinaria.

"Dada en corte abierta el día diez de octubre de 1907. Pedro de Aldrey, Juez."

La sentencia es como sigue:

"Corte de Distrito del Distrito Judicial de San Juan, P. R.—Sección 1ª.—*Porto Rican Leaf Tobacco Co., demandante,* v. *Amador Frías y Silva, demandado.—No. 1469.*—Sobre acción hipotecaria en cobro de

pesos. Sentencia.—El día 18 de mayo último se dictó por esta corte, en virtud de petición del demandante arriba expresado, presentada, con arreglo á la ley hipotecaria, una orden para que se requiriese de pago al demandado también expresado arriba, para que satisficiera al demandante 7,200 pesos por principal, los intereses devengados por esa suma hasta el día ultimo de abril anterior que montan á 3,976 dollars, y los que se devenguen hasta el definitivo pago de dicha responsabilidad, más las costas causadas y que se causen, incluyendo en ellas doscientos cincuenta pesos por todos los honorarios del abogado del demandante.

"El día doce de julio último, fué requerido el deudor, de acuerdo con la orden de esta corte, y con el apercibimiento de procederse á la subasta de la finca hipotecada si no hacía el pago dentro de los treinta días á contar del requerimiento referido.

"Y la corte, de conformidad con los hechos expuestos, y con lo previsto en la Ley Hipotecaria y en la "Ley sobre la manera de satisfacer las sentencias," ordena que el demandante en este caso recupere del demandado la cantidad de siete mil doscientos dollars, los intereses devengados por esa suma, que montan, hasta el mes de abril último, á la suma de tres mil novecientos setenta y seis dollars, los que se devenguen hasta el definitivo pago al tipo convenido, las costas de esta ejecución, y doscientos cincuenta dollars por honorarios de abogado. Y líbrese mandamiento·por el secretario al marshal, de conformidad con lo dispuesto en la referida "Ley sobre la manera de satisfacer las sentencias." Pronunciada en corte abierta el día 10 de octubre de 1907, y registrada en la misma fecha. (Firmado) Pedro de Aldrey, Juez."

Llama la atención de esta corte que el juez inferior en la misma fecha, 10 de octubre de 1907, haya dictado dos resoluciones sustancialmente idénticas, una, con el nombre de orden y otra, con el nombre de sentencia. No vemos la razón legal de la duplicidad de dichas resoluciones.

El ejecutante ante la corte inferior que es también peticionario en el procedimiento de *certiorari* impugna la acción de la corte al dictar y registrar una sentencia final cuando parece que el mismo pidió que se decretara una ejecución en la forma ordinaria, dando ocasión con semejante proceder á que se dictara una sentencia que sirviera de base á la ejecución solicitada.

El peticionario alega ahora ante este tribunal que la acción de la corte de distrito, al dictar una sentencia definitiva le ha demorado el procedimiento; pero el mismo es responsable en gran parte de esa dilación por haber pedido y obtenido una orden de ejecución de carácter general. Procederemos á examinar los derechos de un acreedor que siga el procedimiento sumario en lo que respecta á sentencia y ejecución, con arreglo á la ley vigente.

En el caso de *Emilia Giménez et al.* v. *Julio Brenes y Aponte,* hemos resuelto que el procedimiento especial de la Ley Hipotecaria no ha sido derogado por el Código de Enjuiciamiento Civil, ni ha sido ninguna de sus disposiciones afectada por el mismo. También digimos en aquella opinión que la ley de de marzo 9 de 1905, referente á las sentencias y á la manera de satisfacerlas, fué el primer paso que dió la legislatura en el sentido de modificar el procedimiento de la Ley Hipotecaria. Consideremos esa ley.

Es verdad que el texto inglés de la ley de 9 de marzo de 1905 habla de decisión y sentencias pronunciadas en toda clase de acciones ó procedimientos especiales para el cobro de hipotecas, pero á la vez debemos reconocer que la última parte de dicho artículo relativa á que ''si no se encontrase la finca hipotecada ó si el resultado de su venta fuese insuficiente para satisfacer la totalidad de la sentencia, entonces el marshal procederá á recuperar el resto del dinero ó remanente del importe de la sentencia sobre cualquiera otra propiedad del demandado como en el caso de cualquiera ejecución ordinaria,'' debe limitarse al caso en que haya habido un juicio en forma, declarando por sentencia la obligación de deber, y no hacerse extensivo al caso en que no haya habido verdadera sentencia previa la celebración del correspondiente juicio, como en el procedimiento sumarísimo establecido por la Ley Hipotecaria y su Reglamento.

La Legislatura no pudo haber tenido la intención de permitir que se embargaran y vendieran además de los bienes hipotecados, otros bienes del deudor, por virtud de una ejecu-

·ción, cuando no se le ha dado la oportunidad de ser oído en el procedimiento principal, y cuando el contrato hipotecario hecho entre él y su acreedor se refería únicamente á las fincas descritas en la hipoteca, y no á otra alguna. La ley de 9 de marzo de 1905, no puede considerarse aplicable al procedimiento de la Ley Hipotecaria más que en aquella parte en que sus palabras y su espíritu puedan tener aplicación á cualquiera otro procedimiento sumario. En otras palabras, la única parte de esa ley que tiene aplicación al procedimiento sumario es la que dispone que la propiedad debe ser vendida por el marshal. El procedimiento conocido con el nombre de vía de apremio ha sido derogado, según se ha dicho en el caso de Brenes.

Debemos dar efecto á la ley de 9 de marzo de 1905; pero esa ley no ha dado el carácter de sentencia final á las decisiones ó resoluciones de la corte en un procedimiento hipotecario en el sentido en que se usa esa frase en el Código de Enjuiciamiento Civil. No todas las resoluciones ó decisiones de un tribunal tienen el carácter de sentencia. Esto es por sí mismo evidente y se desprende además, de los términos de la sección 213 del Código de Enjuiciamiento Civil. Esta sección, al hablar de las órdenes y sentencias que se consideran excepcionadas por ministerio de la ley, enumera "una providencia ó decisión dada sobre una moción controvertida" ó una providencia ó decisión contra la que pueda establecerse apelación, sin que esas decisiones sean reputadas sentencias. La misma sección trata también de sentencia definitiva y de otras providencias ó resoluciones distintas de las dos mencionadas.

Ahora bien, aunque la resolución de la corte en un procedimiento hipotecario resuelve necesariamente los derechos de las partes dentro de ese procedimiento especial, sin embargo, las resoluciones ó providencias que en el mismo se dicten no tienen el carácter de una sentencia general, por virtud de la cual pueda expedirse una orden de ejecución en términos generales. Así se desprende del artículo 168 del Reglamento para la ejecución de la Ley Hipotecaria, el cual

dispone que el procedimiento sumario se dirija tan sólo contra los bienes gravados con la hipoteca. En dicha ley no se encuentra disposición alguna que dé á estas resoluciones ó providencias el carácter de sentencias, y estamos de acuerdo con el abogado del peticionario en que la palabra "decisión," usada en la ley de 9 de marzo de 1905, tiene aplicación á la Ley Hipotecaria, mas no la palabra "sentencia." También estamos de acuerdo con él en que la orden requiriendo de pago, y no la orden de venta, es la que tiene el carácter de resolución final.

Pasemos á considerar ahora los recursos que tienen las partes después de dictada la orden y sentencia por el tribunal inferior. Creemos que como el tribunal ha dado á estos procedimientos mayor amplitud de la que permite el procedimiento sumario, el deudor hubiera podido perfectamente establecer algún recurso, que no discutimos cuál sea, contra esa sentencia. Pudiera surgir alguna duda con respecto á si el acreedor ha sido perjudicado por tal sentencia á pesar de haber obtenido una orden de ejecución de carácter tan general, que da al contrato hipotecario un efecto que nunca tuvieron en su mente las partes. Si por consiguiente, hubiera sido el deudor el que hubiera presentado esta petición, no habríamos de pensar para declarar la sentencia nula y sin ningún valor.

Sin embargo, al acreedor se le ha demorado en su ejecución, y aunque en cierto modo se debe á su propia falta el que se encuentre en esta situación, creemos, no obstante, que los intereses de las partes quedan mejor guardados si ejercemos nuestra jurisdicción en materia de *certiorari.* Es verdad que el *certiorari* no procede ordinariamente en los casos en que exista la apelación y así lo hemos resuelto en varios casos. (*Ex parte Arpin,* 2 Dec. de P. R., p. 360; *Delgado* v. *Cabassa,* 2 Dec. de P. R., p. 463; *Giménez* v. *La Corte de Distrito,* 2 Dec. de P. R., p. 635.) Pero el principio que sientan estas decisiones es que el mismo resultado podría obtenerse regular, adecuada y rápidamente en el curso de una apelación. Este

es el principio que el tribunal ha sostenido y continuará sosteniendo. Por lo que á este caso se refiere, no es la apelación, si procede, el recurso adecuado y rápido.

Sin embargo, cualquiera que sea la interpretación que se dé á esas resoluciones, la cuestión presentada en el caso de autos está claramente comprendida dentro de los fines de la misma ley de *certiorari* que prescribe que se expedirá el auto ó procederá el recurso en los casos en que el procedimiento no estuviese ajustado á la ley. La corte inferior no ha estado justificada al proceder en la forma en que lo hizo.

Las resoluciones que con el nombre de orden y sentencia dictó la corte inferior en 10 de octubre de 1907, deben estimarse nulas en cuanto hace extensivos los efectos de la ejecución á otros bienes del deudor que no sean los hipotecados y en cuanto se ha dispuesto que se registre dicha orden como sentencia cuando no tiene semejante carácter y el juez ha debido limitarse á ordenar la subasta de los bienes hipotecados, expidiendo la correspondiente orden al marshal.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Hernández y Figueras.

Jueces disidentes: Sres. Presidente Quiñones y Asociado, MacLeary.