MANUEL A. GARCÍA MÉNDEZ, demandante y apelante, *v.*
ANDRÉS VILLARRUBIA CHAPARRO y su esposa TOMASA
FIGUEROA ACEVEDO, demandados y apelados.

No. 5129.—*Sometido:* Marzo 27, 1931. *Resuelto:* Marzo 31, 1931.

*Juan B. García Méndez,* abogado del apelante.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

En un procedimiento ejecutivo sumario, la finca hipotecada fué adquirida por el acreedor, único postor en la venta, por una cantidad representativa de algo más de la mitad de la deuda. El acreedor entonces instruyó al márshal que embargara otras tres parcelas de terreno, el usufructo de los demandados en ellas, y cierto ganado. La corte de distrito se negó a ordenar la venta de los bienes así embargados, y el acreedor apela.

■■ La sección primera de la "Ley relativa a las sentencias y la manera de satisfacerlas," aprobada el 9 de marzo de 1905 (Estatutos Revisados, sección 5295) dispone:

"Que en las sentencias que se dicten en juicios sobre ejecución de hipotecas y otros gravámenes se ordenará que el demandante recupere su crédito, daños y costas mediante venta de la finca sujeta al gravamen; y al efecto se expedirá una orden al márshal del distrito en que la propiedad hipotecada radique, disponiendo que proceda a embargarla y venderla para satisfacer la sentencia, en la forma prescrita por la ley para la venta de propiedad bajo ejecución; y si no se encontrase la finca hipotecada o si el resultado de su venta fuese insuficiente para satisfacer la totalidad de la sentencia, entonces el márshal procederá a recuperar el resto del dinero o remanente del importe de la sentencia sobre cualquiera otra propiedad del demandado, como en el caso de cualquiera otra ejecución ordinaria."

En *P. R. Leaf Tobacco Co.* v. *Aldrey,* 13 D.P.R. 234, este tribunal resolvió que la sección que acabamos de citar no autorizaba el embargo y venta de bienes no comprendidos por la hipoteca a fin de satisfacer cualquier sentencia o fallo que pudiera recaer en un procedimiento ejecutivo sumario. No hallamos en el alegato del apelante razón satisfactoria alguna para alterar la conclusión a que allí llegamos.

En el presente caso hubo un requerimiento de pago, en la forma estereotipada, seguido por la orden usual de venta de la finca gravada. No hubo fallo o sentencia decretando que "el demandante recupere su crédito," como en *P. R.*

*Leaf Tobacco Co.* v. *Aldrey, supra.* La providencia de venta no ordenaba al márshal que "si el resultado de su venta fuese insuficiente para satisfacer la totalidad de la sentencia, entonces el márshal procederá a recuperar el resto del dinero o remanente del importe de la sentencia sobre cualquiera otra propiedad del demandado, como en el caso de cualquiera otra ejecución ordinaria." El requerimiento de pago no contenía indicación alguna en el sentido de que la falta de cumplir con el requerimiento sería seguida por resultados tan desastrosos. No hubo tal decisión o sentencia como la prevista por la ley de 1905 para ser satisfecha mediante la incautación y venta de bienes no cubiertos por la hipoteca.

*Debe confirmarse la orden apelada.*