RAMONA MORALES BERRÍOS, demandante y apelada, *v.* DOLORES CABRERA VDA . DE SALAZAR, demandada y apelante, HERMINIA RUIZ ROBERT, demandada.

No. 6365.—*Sometido:* Junio 21, 1934. *Resuelto:* Junio 24, 1935.

*Carlos J. Torres* y *Joaquín Vendrell,* abogados de la apelante; *Celestino Benítez,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Una acreedora ordinaria, Ramona Morales Berríos, obtuvo sentencia contra marido y mujer, o sea contra Víctor L. Lokpez y Herminia Ruiz Robert, por la suma de $2,000, más intereses. Con anterioridad a ello los referidos deudores habían hipotecado tres fincas a Pedro Salazar y Schuck por la suma de $15,000, etc. Este último falleció y le sucedió su esposa, Dolores Cabrera viuda de Salazar. Ésta inició un procedimiento ejecutivo sumario. Herminia Ruiz Robert se convirtió en la única deudora. En el curso del procedimiento ejecutivo la acreedora embargó, o trató de embargar, las rentas producidas por una de las tres fincas hipotecadas. Esto se hizo mediante estipulación y con el consentimiento absoluto de Herminia Ruiz Robert. Ramona Morales Berríos, la acreedora ordinaria por sentencia, inició procedimiento solicitando la nulidad del embargo trabado sobre las rentas, y en el mismo litigio embargó las referidas rentas. La Corte de Distrito de San Juan anuló el embargo practicado sobre las mismas, obtenido en el procedimiento sumario.

La forma en que se efectuó el embargo de las rentas no nos es del todo clara, pero ambas partes convienen en que las mismas fueron embargadas en el aludido procedimiento ejecutivo. La sentencia en el presente recurso fué dictada sobre las alegaciones, estando aceptados todos los hechos tanto de la demanda como de la contestación. Se admitió que la acreedora por sentencia, aquí apelada, no podía cobrar su reclamación debido al embargo trabado sobre las rentas, únicos bienes aparentemente existentes sujetos a ejecución.

Estamos plenamente contestes con la corte inferior

en que el procedimiento ejecutivo sumario de la Ley Hipotecaria se limita a los bienes hipotecados y que no puede extenderse a las rentas producidas por una de las fincas hipotecadas. *Manrique* v. *El Registrador,* 33 D.P.R. 544-548; *García Méndez* v. *Villarubia,* 42 D.PR. 88, y *Paradís* v. *Fernández,* 47 D.P.R. 321-328. Es cierto que estos casos tratan de tentativas de embargar bienes no sujetos a la hipoteca cuya ejecución se tramitaba, pero el mismo razonamiento es aplicable a tentativas de embargar rentas bajo tal procedimiento ejecutivo.

Después de haber expuesto la corte la naturaleza de la estipulación, continuó diciendo:

"La estipulación de 12 de diciembre de 1931 entre las demandadas en este caso, que eran las partes en el procedimiento ejecutivo hipotecario, para que la cantidad embargada se aplicara en primer término al pago de las costas, desembolsos y honorarios de abogado en la cantidad de $1,500.00 y en segundo lugar a los intereses, y luego al remanente del principal en descubierto no surte efecto contra la demandante, que es un tercero, quien en este caso, y siendo nulo el embargo trabado en el procedimiento ejecutivo hipotecario, obtuvo orden de aseguramiento de la sentencia, en 27 de abril, 1932, contra las aquí demandadas para que no dispusieran del montante de las rentas producidas que estaba aún en poder de Angel Fernández, a quien se ordenó depositarlo en la secretaría de la corte, así como cualesquiera otra que recibiera por el mismo concepto. Pero con posterioridad, en 20 de julio, 1932, se aprobó una fianza prestada por la demandada Dolores Cabrera Vda. de Salazar, de acuerdo con la sección 15 de la Ley de Aseguramiento de Sentencias, levantando el embargo y obligándose los fiadores John Callender y A. F. W. Haeusler, hasta el montante de $1,911.16, existente en poder de Angel Fernández, como depositario judicial, al pago de cualquier sentencia que pudiera dictarse contra la referida señora Dolores Cabrera Vda. de Salazar."

La apelante discute con visos de razón que la apelada no es un tercero. Nosotros mismos hemos tenido algunas dudas respecto a si el deudor y el acreedor no pueden válidamente ponerse de acuerdo dondequiera, aun en el curso del ejecutivo sumario.

Empero, en conjunto estamos convencidos de que las rentas únicamente podían ser embargadas legalmente en algún pleito ordinario, o en algún otro procedimiento, mas no en el procedimiento ejecutivo sumario; que la corte no podía ser utilizada como un medio para escudar las relaciones entre las partes y un posible fraude.

■ La apelada también demuestra que la finca hipotecada que produjo las rentas fué adjudicada en la subasta a la acreedora por la suma de $9,000, mientras que la hipoteca tan sólo era por $6,000; que la hipoteca quedó saldada y las rentas, para así decirlo, quedaron exoneradas. El argumento entonces es que el dinero en poder de Angel Fernández, según expresa la opinión, estaba sujeto al embargo trabado por la demandante. El artículo 1264 del Código Civil provee:

"Se presumen celebrados en fraude de acreedores todos aquellos contratos por virtud de los cuales el deudor enajenare bienes a título gratuito.

"También se presumen fraudulentas las enajenaciones a título oneroso, hechas por aquellas personas contra las cuales se hubiese pronunciado antes sentencia condenatoria en cualquier instancia, o expedido mandamiento de embargo de bienes."

Las partes no tenían derecho a crear un fondo o a poner éste fuera del alcance de las reclamaciones de los acreedores. Lo que las partes trataron de hacer debe ser considerado como una enajenación.

*Debe confirmarse la sentencia apelada.*