Aniceto Ceide González, demandante y apelado, *v.* Juan Suárez Pelegrina y Adela Alfonso Villanueva, demandados y apelantes.

No. 6863.—*Sometido:* Febrero 18, 1936. *Resuelto:* Febrero 28, 1936.

*García Méndez & García Méndez,* abogados de los apelantes; *Augusto Reichard* y *Rafael O. Fernández,* abogados del apelado.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Aniceto Ceide González es el demandante en este caso, y

Juan Suárez Pelegrina y Adela Alfonso Villanueva, marido y mujer, son los demandados. En la demanda se alega:

"II. Que en la escritura número 111, otorgada en esta población el 30 de septiembre de 1931, ante el Notario Francisco A. González Suárez, los demandados Juan Suárez Pelegrina y Adela Alfonso Villanueva, confesaron deber al actor $4,598, que se obligaron a pagar al demandante el 20 de septiembre de 1936, y que devenga intereses a razón del 12% anual."

La demanda continúa alegando que la obligación ha vencido y no ha sido pagada.

A virtud de esta demanda ordinaria el demandante procedió a embargar varias fincas pertenecientes a los demandados. No hay duda alguna de que por su forma la acción era una ordinaria en cobro de dinero.

Los demandados contestaron y adujeron que la escritura No. 111, supra, era de hipoteca, y sostenían que el demandante estaba limitado al procedimiento estrictamente provisto por la Ley Hipotecaria; que la opción de un acreedor hipotecario a recobrar una deuda valiéndose del procedimiento ejecutivo sumario o de un pleito ordinario de conformidad con el Código de Enjuiciamiento Civil, quedó destruída por la Ley No. 69, de 1931 (pág. 433); y que aún si pudiera instruirse el presente recurso, el demandante estaba obligado a proceder primeramente contra la finca hipotecada.

La Corte de Distrito de Aguadilla resolvió que el demandante tenía derecho a iniciar un procedimiento ordinario en cobro de dinero irrespectivamente de si la suma reclamada estaba garantizada o no con hipoteca. El juez hizo la siguiente cita de Escriche, Diccionario Razonado de Legislación y Jurisprudencia, página 52:

"Acción personal es la que corresponde a alguno para exigir de otro el cumplimiento de cualquiera obligación que contrajo, ya sea que ésta dimane de contrato, cuasi contrato o nudo pacto, ya de delito o cuasi delito. Se dice personal porque nace de una obligación puramente personal; y así es que sólo se da contra la persona obligada o su heredero que la representa, mas no contra un tercer po-

seedor. El que la entabla pide que se condene al demandado a dar o hacer aquello a que se obligó, o a pagar los perjuicios si no pudiere darlo o hacerlo; y en consecuencia ha de acreditar la obligación en cuya virtud demanda y que ésta no se cumplió por el demandado."

En efecto, la corte resolvió que cuando se otorga una hipoteca el acreedor tiene tanto una acción real como una personal y que puede elegir cualquiera de ellas, y ésta es nuestra propia opinión.

■■ La Ley Hipotecaria quizá sólo se refiere específicamente al procedimiento ejecutivo sumario allí definido, mas hemos resuelto en un número de casos que no obstante ello, un acreedor tiene derecho a iniciar un remedio ordinario en ejecución de hipoteca. *Montes de Oca* v. *Báez,* 23 D.P.R. 707; *Hermanitas de los Ancianos* v. *Piñero,* 45 D.P.R. 607. Lo resolvimos así no obstante las disposiciones positivas de la Ley Hipotecaria sobre el procedimiento sumario.

Una hipoteca necesariamente es un contrato accesorio para garantizar el cumplimiento de una obligación principal, y por tanto el acreedor no tiene que descansar en la garantía dádale, sino que puede proceder a recobrar la deuda mediante una acción ordinaria, según ocurre en este caso. Podemos repetir que un acreedor no tiene que fundarse en la garantía otorgádale.

Sin embargo, los apelantes insisten en que hasta 1931 un acreedor podía elegir entre el procedimiento sumario de la Ley Hipotecaria y un pleito ordinario en ejecución de hipoteca. Los apelantes sostienen que todo esto fué modificado por la Ley núm. 69, de 1931. Ahora bien, el efecto de esa ley fué restablecer el artículo 127 de la Ley Hipotecaria al estado que tenía antes de 1905, cuando el procedimiento, conocido con el nombre de "vía de apremio", fué alterado. Véanse *Jiménez* v. *Brenes,* 10 D.P.R. 128, y *Porto Rico Leaf Tobacco* v. *Aldrey,* 13 D.P.R. 234. La lectura de algunos de los casos ya citados demostrará que nuestras razones para resolver que un pleito ordinario en ejecución de hipoteca podía ser

iniciado, no dependieron de la supresión del artículo 127 de la Ley Hipotecaria. La ley de 1931 que restituyó este artículo, lee así:

"Artículo 1.—El artículo 127 de la Ley Hipotecaria vigente queda enmendado en la forma siguiente:

" 'Artículo 127.—En la escritura de hipoteca se hará constar el precio en que tasan la finca los contratantes, para que sirva de tipo a la primera subasta que se debe celebrar, en el caso de que, vencido el plazo del préstamo, no conste en el registro de propiedad el pago de dicho préstamo.

" 'Si no produjere remate ni adjudicación la primera subasta, en la segunda que se celebrare servirán de tipo las dos terceras partes del precio en que hayan tasado la finca los contratantes, pero cuando esas dos terceras partes no excedieren de la cuantía de las responsabilidades preferentes, esa cuantía señalará el mínimo de las posturas admisibles.

" 'Si tampoco hubiera remate ni adjudicación en la segunda subasta, regirá como tipo en las otras subastas que pudieran celebrarse el valor total a que ascienden los créditos preferentes.'

"Artículo 2.—Las disposiciones de la Ley de 9 de marzo de 1905, relativa a las sentencias y la manera de satisfacerlas, en cuanto se opongan a los preceptos del artículo 127 de la Ley Hipotecaria, según queda enmendado por el artículo anterior, y toda otra ley, o parte de ley, que esté en contradicción con la presente, quedan derogadas.

"Artículo 3.—Esta Ley empezará a regir a los noventa días después de su aprobación."

Leyéndola con sumo cuidado no vemos en su contexto nada que prive a un acreedor de su derecho a abandonar, temporal o permanentemente su garantía y a demandar a base de la obligación principal. El contexto se refiere, a nuestro juicio, principalmente, al procedimiento sumario, o tal vez, en alguna forma, al pleito ordinario en ejecución de hipoteca, mas no fija límite al derecho que tiene un acreedor a no utilizar su garantía y a demandar basado en la obligación principal.

De lo que antecede se desprende que cuando una persona inicia un pleito fundándose en una obligación principal

ella puede embargar cualesquiera bienes pertenecientes al deudor y que no está obligada primeramente a repetir contra la garantía. Si puede o no proceder más tarde contra la garantía es cuestión que no está ahora ante nos y que es innecesario resolver.

, · *Debe confirmarse la sentencia apelada.*

El Juez Asociado Señor Hutchison está conforme con el resultado.*

El Juez Asociado Señor Córdova Dávila no intervino.